STATE OF MAINE                                         SUPERIOR COURT

                                                  CIVIL ACTION

YORK, ss.                                        DOCKET NO. RE-07-024

DONALD ROCHE, et al.,

         Plaintiffs

DONALD L. GARBRECHT
LAW LIBRARY

JUL 18 2008

v.                                  **ORDER**

WILLIAM ELLIOTT, et al.,

         Defendants

This case comes before the Court on Plaintiffs Donald Roche and Margaret Roche's (Plaintiffs) Motion to Reconsider pursuant to M.R. Civ. P. 59. Following hearing, the Motion is Denied.

## BACKGROUND

Plaintiffs Donald Roche and Margaret Roche (Plaintiffs) move this Court to reconsider the March 7, 2008 Order denying their Cross-motion for Summary Judgment (Cross-motion) against any and all Defendants. The Defendants in this case are various neighbors (collectively "Defendants"). Some of the Defendants were represented by counsel, while others represented themselves. Defendants' responses to the motions varied. As stated below, these varying responses were not dispositive at summary judgment.

Both parties moved for summary judgment pursuant to Plaintiffs' claim that they have obtained title to a certain parcel of land by adverse possession or, alternately, by abandonment. Plaintiffs are residents of Massachusetts and owners of a property (Lot 2) located on Mousam Lake in Shapleigh, Maine. The perimeters of Lot 2 are

designated in the deed by reference to a 1938 plan entitled "Mousam Grove Extension" filed in the York County Registry of Deeds (1938 Plan). Def. SMF ¶ 3. The disputed parcel lies between Lots 2 and 3 (Disputed Parcel) and is designated on the 1938 Plan as a right-of-way.

Plaintiffs assert that the Court erred as a matter of law in denying summary judgment. Specifically, Plaintiffs assert that 1) the Court erred in not granting summary judgment against Defendants on the grounds that they failed to controvert critical statements; 2) the Court erred in not granting summary judgment against noticed Defendants who did not oppose Plaintiffs' Motions for Summary Judgment at all; 3) the Court erred in not granting summary judgment against Defendants outside the subdivision who provided no evidence of any colorable interest in the former right-of-way; and 4) the Court's failure to rule on the issue of acquiescence and/or abandonment of the easement was an omission that should be corrected by granting Plaintiffs' summary judgment against all the Defendants on the grounds of acquiescence and/or abandonment.

## DISCUSSION

### I. Standard of Review

Under the Maine Rules of Civil Procedure, "motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "The court may in its discretion deny a motion for reconsideration without hearing and before opposition is filed." *Id.*

### II. Did the Court Err in its Denial of Cross-motion?

2

The Court denied Plaintiffs' Cross-motion because material facts were in dispute regarding whether Plaintiffs had established the elements of adverse possession.[1] Specifically, the exclusivity of use was disputed. (*See* Def. S.M.F. ¶¶ 8-14.)

### a. Failure to Oppose Cross-motion

Plaintiffs assert that the Court erred in not granting summary judgment against Defendants on the grounds that Defendants failed to controvert critical statements of material fact contained in Plaintiffs' Cross-motion Statement of Material Facts. Plaintiffs' rest their argument on a plain reading of M.R. Civ. P. 56(h), which states in part:

> [a] party opposing a motion for summary judgment shall submit with its opposition a separate, short and concise opposing statement. . . . Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted.

M.R. Civ. P. 56(h)(2) & (4). In this case, Defendants failed to oppose Plaintiffs' Cross-motion that was attached to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. Accordingly, Plaintiffs argue, the material facts submitted in the Cross-motion are deemed admitted because they have not been controverted.

The Court cannot agree with this interpretation of Rule 56. It would be illogical to conclude that a fact, already controverted, could become uncontroverted simply because an opposing party filed a cross-motion for summary judgment.

In this case, certain Defendants filed a Motion for Summary Judgment. That Motion contained a Statement of Material Facts as required under the Rules. Within that Statement of Material Facts, Defendants set forth in numbered paragraphs genuine

---

[1] There is no dispute that, in order for the Plaintiffs to obtain title by adverse possession, they have the burden to show by a preponderance of the evidence that their "possession and use of the property were" actual, open visible, notorious, hostile, under claim of right, continuous, exclusive, and "of a duration exceeding the twenty-year limitations period." *Striefel v. Charles-Keyt-Leaman P'ship*, 1999 ME 111, ¶6, 733 A.2d 984, 989 (citations omitted).

issues of material fact supported by record citations to sworn affidavits of individuals who asserted a continued use of the Disputed Parcel. (See Def. S.M.F. ¶¶ 8-14.) Plaintiffs opposed those statements by submitting an opposing Statement of Material Facts set forth in numbered paragraphs supported by record citations to sworn affidavits of individuals who dispute use of the Disputed Parcel by anyone other than Plaintiffs. Accordingly, at least one element of Plaintiffs' claim of adverse possession (and abandonment for that matter) is in dispute. Summary judgment was not proper.

Plaintiffs point to two facts contained in their Cross-motion and assert that Defendants' failure to oppose these two facts is determinative. The Court agrees that, if any fact in Plaintiffs' Cross-motion Statement of Material Facts is both uncontoverted and material, it would be deemed admitted.

### i. Plaintiffs' Opposing Material Fact ¶ 15

Opposing Material Fact ¶ 15 is supported by affidavit of Mr. Fiandaca, the owner of Lot 3 that also borders the Disputed Parcel. In his affidavit he states *inter alia* that he was forced to build a fence because "defendants in this litigation" were erroneously walking across his property and "didn't know where the right of way was." However, material facts are already in evidence that certain Defendants did correctly identify the Disputed Parcel and have used it continuously over the years. (*See e.g.* Def. S.M.F. ¶ 8.) This fact, if it is fact and not opinion, remains in dispute.

### ii. Plaintiffs' Opposing Material Fact ¶ 9

Likewise Opposing Material Fact ¶ 9 is not determinative at summary judgment. Paragraph 9 asserts that none of the Defendants objected to a shed that blocks the Disputed Parcel. However, the fact that a shed has blocked Defendants access to the Disputed Parcel is in dispute. (*See* Def. S.M.F. ¶ 15.) Thus, whether or not Defendants objected to the shed is not a material fact.

4

### b. Defendants who Failed to Oppose Summary Judgment

Plaintiffs further assert that the Court erred in not granting summary judgment against noticed Defendants who did not oppose Plaintiffs' Motions for Summary Judgment at all. The Court disagrees. Plaintiffs are asserting an affirmative right to title of land by adverse possession/abandonment. Accordingly, Plaintiffs have the burden to show by a preponderance of the evidence that their "possession and use of the property were" actual, open, visible, notorious, hostile, under claim of right, continuous, exclusive, and "of a duration exceeding the twenty-year limitations period." *Striefel*, 1999 ME 111, ¶6, 733 A.2d at 989. By granting summary judgment to Plaintiffs with respect to any Defendant the Court would be granting that right with respect to all Defendants.

### c. Defendants Outside the Subdivision

Plaintiffs argue that the Court erred in not granting summary judgment against Defendants residing outside the subdivision who provided no evidence of any colorable interest in the former right-of-way. The interest of those parties, however, is not a material fact with respect to Plaintiffs' claim in adverse possession and/or abandonment except to the extent that they may have relinquished a potential right. Whether or not any Defendant has a right to use the Disputed Parcel, Plaintiffs retain the burden to affirmatively show each element of their adverse position claim in order to obtain a fee interest in the Disputed Parcel. Accordingly, as stated in subparagraph b, above, summary judgment is inappropriate against the Defendants residing outside the subdivision.[2]

---

[2] The Court acknowledges that certain Defendants have brought counter-claims seeking a declaration of their rights to the Disputed Parcel, either by deeded right or prescriptive easement. (*See* Amended Answer and Counter Claim.) These assertions were not addressed at motion for summary judgment and thus not appropriate for resolution at this time.

### d. Plaintiffs' Supplemental Memorandum of Law in Support of Summary Judgment

Finally, Plaintiffs argue that the Court erred when it failed to consider Plaintiffs' "Supplemental Memorandum of Law in Support of Summary Judgment." However, the Maine Rules of Court do not recognize a supplemental memorandum under Rule 56, accordingly, the Court did not err in not considering the memorandum. *See generally* M.R. Civ. P. 56.

Moreover the memorandum was not dispositive in support of Plaintiffs' Cross-motion. To prevail under an abandonment theory, the moving party must establish: 1) a history of non-use; and 2) an act or omission evincing a clear intent to abandon. *D'Angelo v. McNutt*, 2005 ME 51, ¶ 13, 868 A.2d 239, 244. The Court has already ascertained that the history of non-use by Defendants is a material fact in dispute. Accordingly, summary judgment on a theory of abandonment is inappropriate.

### CONCLUSION

Motion to Reconsider is DENIED.

Dated:        June 24, 2008

_____
G. Arthur Brennan
Justice, Superior Court


SEE ATTACHED LIST FOR ATTORNEYS AND PRO SE DEFENDANTS.

6

DONALD ROCHE   - PLAINTIFF          *~~Vacated 9/24/07~~*          SUPERIOR COURT
58 CATTAIL LOOP                                                    YORK, ss.
SHAPLEIGH ME 04076                                                 Docket No   ALFSC-RE-2007-00024
Attorney for: DONALD ROCHE
FRANCES C LINDEMANN   - RETAINED 02/16/2007
NADEAU & ASSOCIATES, PA                                            **DOCKET RECORD**
FOUR OAKS PROFESSIONAL PARK
1332 POST ROAD, SUITE 4A
WELLS ME 04090


MARGARET ROCHE   - PLAINTIFF          *~~Vacated 9/24/07~~*
58 CATTAIL LOOP
SHAPLEIGH ME 04076
Attorney for: MARGARET ROCHE
FRANCES C LINDEMANN   - RETAINED 02/16/2007
NADEAU & ASSOCIATES, PA
FOUR OAKS PROFESSIONAL PARK
1332 POST ROAD, SUITE 4A
WELLS ME 04090



vs
WILLIAM F ELLIOTT   - DEFENDANT    ) 3/29/07  *J. Lenkowski, Esq*
BARBARA J ELLIOTT   - DEFENDANT    )
84 31ST STREET
SHAPLEIGH ME 04076
WILLIAM H ELLIOTT   - DEFENDANT   3/29/07  *J. Lenkowski Esq*
90 31ST STREET
SHAPLEIGH ME 04076
FAYE JEAN ELLIOTT   - DEFENDANT   3/29/07  *J. Lenkowski Esq.*
90 31ST STREET
SHAPLEIGH ME 04076
GERALD DEMERS   - DEFENDANT   3/22/07  *J. Lenkowski, Esq*
107 31ST STREET
SHAPLEIGH ME 04076
CINDY DEMERS   - DEFENDANT   3/22/07  *J. Lenkowski, Esq*
107 31ST STREET
SHAPLEIGH ME 04076
ROBERT B RIDING   - DEFENDANT   3/30/07 - *Donna Johnson, Esq*
523 MAIN STREET
SPRINGVALE ME 04083
SUSAN W RIDING   - DEFENDANT   03/30/07 - *Donna Johnson Esq*
523 MAIN STREET
SPRINGVALE ME 04083
DAVID MCNALL   - DEFENDANT   2/30/07 - *Pro Se*
99 31ST STREET
SHAPLEIGH ME 04076
DEBORAH MCNALL   - DEFENDANT   3/30/07 - *Pro Se*
99 31ST STREET
SHAPLEIGH ME 04076
LEROY F HERSOM   - DEFENDANT   3/22/06 - *Pro Se*
16 CATTAIL LOOP
SHAPLEIGH ME 04076
NANCY HERSOM   - DEFENDANT   3/22/06  *Pro Se*
16 CATTAIL LOOP
SHAPLEIGH ME 04076

ROBERT W VENNARD   - DEFENDANT   5/31/07   Joseph Lenkowski Esq
    8 TURBINI LANE
    BERWICK ME 03901
CAROLINE G VENNARD   - DEFENDANT   5/31/07   Joseph Lenkowski, Esq
    8 TURBINI LANE
    BERWICK ME 03901
FRANK H WITHAM   - DEFENDANT   3/23/07   Pro Se ✓
    241 CHASE'S POND ROAD
    YORK ME 03909
RICHARD A MADONNA   - DEFENDANT   8/3/07 - Pro Se
    75 WINTER STREET
    MANSFIELD MA 02048
ROY PALMQUIST   - DEFENDANT   3/22/07   J. Lenkowski Esq
    59 CATTAIL LOOP
    SHAPLEIGH ME 04076
LEE ELIZABETH PALMQUIST   - DEFENDANT   3/22/07 - J. Lenkowski Esq
    59 CATTAIL LOOP
    SHAPLEIGH ME 04076
DERWENT RIDING   - DEFENDANT   8/20/07   Donna Johnson, Esq
    302 C ALMEIDA COURT
    BRISTOL RI 02809
CHARLES HUNTER GOLDIE   - DEFENDANT   4/3/07   Donna Johnson, Esq
    245 DAVIS ROAD
    BEDFORD MA 01730   ✓
BEVERLY HOOPER   - DEFENDANT   4/11/07
    9 KINGS HIGHWAY SOUTH
    ELIOT ME 03903   ✓
LINDA PRITCHETT   - DEFENDANT   4/27/07 - Pro Se
    9 KINGS HIGHWAY SOUTH
    ELIOT ME 03903   ✓
ROBERT HOOPER   - DEFENDANT   4/11/07
    9 KINGS HIGHWAY SOUTH
    ELIOT ME 03903
HENRY I MARTIN   - DEFENDANT   4/4/07   Dean Bouffard, Esq.
    88 BARTLETT ROAD
    KITTERY POINT ME 03905
PATRICK GAUVREAU   - DEFENDANT   3/27/07   J. Lenkowski, Esq
    177 31ST STREET
    SHAPLEIGH ME 04076
KATHLEEN GAUVREAU   - DEFENDANT   3/27/07   J. Lenkowski Esq.
    177 31ST STREET
    SHAPLEIGH ME 04076
KAREN JOY   - DEFENDANT   4/6/07   Joseph Lenkowski Esq
    12 FLOYD STREET
    REVERE MA 02151
SANDRA JOY   - DEFENDANT   4/6/07   Joseph Lenkowski Esq
    12 FLOYD STREET
    REVERE MA 02151
KYLE W GREENWOOD   - DEFENDANT   defaulted 10/24/07
    430 KINGSTON ROAD
    SATELLITE BEACH FL 32937
KIMBERLY L GREENWOOD   - DEFENDANT   defaulted 10/24/07
    430 KINGSTON ROAD
    SATELLITE BEACH FL 32937

Printed on: 02/20/2007

MAVIS J EATON (TRUSTEE)  - DEFENDANT *defaulted 10/29/07*
159 SOUTH MAIN STREET
SEABROOK NH 03874

JAMES F TREFETHEN  - DEFENDANT *3/21/07 Pro Se*
*dismissed 1/11/08*
224 HANSCOM ROAD
ELIOT ME 03903

PATRICIA A TREFETHEN  - DEFENDANT *dismissed 1/11/08*
224 HANSCOM ROAD
ELIOT ME 03903

DENNIS KINCH  - DEFENDANT *4/3/07 Donna Johnson Esq.*
LYNN KINCH  - DEFENDANT *4/3/07 Donna Johnson Esq.*

ELLIOTT LEVINE  - DEFENDANT *3/30/07 - Pro Se*
66 CATTAIL LOOP
SHAPLEIGH ME 04076

LINDA LEVINE  - DEFENDANT *3/30/07 - Pro Se*
66 CATTAIL LOOP
SHAPLEIGH ME 04076

BARBARA J WITHAM  - DEFENDANT *3/23/07 - Pro Se*
241 CHASE'S POND ROAD
YORK ME 03909

RONALD E WHITNEY  - DEFENDANT *3/29/07 J. Lenkowski Esq*
1428 FOXES RIDGE ROAD
ACTON ME 04001

JACQUELINE M WHITNEY  - DEFENDANT *3/29/07 J. Lenkowski Esq*
1428 FOXES RIDGE ROAD
ACTON ME 04001

EDWARD F GOODWIN  - DEFENDANT *4/2/07 - Pro Se*
115 WHIPPLE ROAD
KITTERY ME 03904

ANNE M GOODWIN  - DEFENDANT *4/2/07 - Pro Se*
115 WHIPPLE ROAD
KITTERY ME 03904

FRANCIS J REICHARDT  - DEFENDANT *defaulted 10/29/07*
4 PINE RIDGE ROAD
TOPSFIELD MA 01983

EILEEN REICHARDT  - DEFENDANT *default granted 9/29/07*
4 PINE RIDGE ROAD
TOPSFIELD MA 01983

SCOTT E MCFARLAND  - DEFENDANT *3/23/07 J. Lenkowski Esq*
123 31ST STREET
SHAPLEIGH ME 04076

FREDDIE B EATON  - DEFENDANT *3/27/07 J. Lenkowski Esq.*
116 BLACK SNAKE ROAD
SEABROOK NH 03874

STEVEN J HOWLEY  - DEFENDANT *4/5/07 William Keng Esq*
2124 SANFORD ROAD #13
WELLS ME 04090

SUSAN M HOWLEY  - DEFENDANT *4/5/07 William Kany Esq.*
2124 SANFORD ROAD #13
WELLS ME 04090

NORMA BARRETT  - DEFENDANT *(Dismissed 10/22/07) John Walsh Esq (Mot for more definite statement filed granted 4/17/07)* *5/17/07*

79 LEBANON ROAD
SHAPLEIGH ME 04076

HOWARD BARRETT  - DEFENDANT *(Dismissed 10/22/07 John Walsh)*

Printed on: 02/20/2007

SHAPLEIGH ME 04076
79 LEBANON ROAD
CHRISTIANE L CASSERLY - DEFENDANT 4/14/07 - Joe Lenkowski Esq
459 CARRIE AVENUE
PEMBROKE NH 03275
MICHAEL J CASSERLY - DEFENDANT 6/14/07 - Joe Lenkowski Esq
459 CARRIE AVENUE
PEMBROKE NH 03275
NORMAN OUELLETTE - DEFENDANT (Suggestion of Death filed 11/21/07)
87 LEBANON ROAD
SHAPLEIGH ME 04076
CHRISTINE OUELLETTE - DEFENDANT 3/27/07 J. Lenkowski, Esq
87 LEBANON ROAD
SHAPLEIGH ME 04076
GLEN ELLIOTT - DEFENDANT 3/20/06 Joseph Lenkowski Esq
75 31ST STREET
SHAPLEIGH ME 04076
GUADILLA ELLIOTT - DEFENDANT 3/20/06 Joseph Lenkowski Esq
75 31ST STREET
SHAPLEIGH ME 04076
DONALD OUELLETTE - DEFENDANT 3/21/06 Joe Lenkowski Esq
91 LEBANON ROAD
SHAPLEIGH ME 04076
JANET OUELLETTE - DEFENDANT 3/21/06 Joe Lenkowski Esq
91 LEBANON ROAD
SHAPLEIGH ME 04076
DOUGLAS DODGE - DEFENDANT defaulted 1/24/07
61 LEBANON ROAD
SHAPLEIGH ME 04076
NANCY M DODGE - DEFENDANT defaulted 1/24/07
61 LEBANON ROAD
SHAPLEIGH ME 04076
ROBERT W BERGHORN - DEFENDANT 4/5/07 William Kany Esq
1631 LITTLE NECK AVENUE
BELLEMORE NY 11710
MARILYN BERGHORN - DEFENDANT 4/5/07 William Kany Esq
1631 LITTLE NECK AVENUE
BELLEMORE NY 11710
LAWRENCE C SPURR - DEFENDANT ?
63 30TH STREET
SHAPLEIGH ME 04076
MAINE, STATE OF, DEPARTMENT OF HUMAN SERVICES - DEFENDANT 4/4/07 Andrea C. Najarian AAG
BURTON M CROSS BUILDING 6TH FL
AUGUSTA ME 04333 Dismissed 1/11/08
SHAPLEIGH, TOWN OF - DEFENDANT Mark V. Franco, Esq (Motion for More Definite Statement) 5/4/07 "Moot"
22 BACK ROAD
SHAPLEIGH ME 04076
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS - DEFENDANT 3/20/07 Susan Szwed, Esq
1595 SPRING HILL ROAD, STE 310 Dismissed 7/17/07
VIENNA VA 22182
WASHINGTON MUTUAL BANK F A - DEFENDANT Dismissed 7/17/07
MAIL STOP WMC3501 1301 2ND AVENUE
SEATTLE WA 98101
KEY BANK - DEFENDANT Dismissed 7/17/07

CLEVELAND OH 44114
127 PUBLIC SQUARE
BANK OF AMERICA NA - DEFENDANT *Dismissed 7/17/07*
100 NORTH TRYON STREET
CHARLOTTE NC 28255
~~CITY MORTGAGE - DEFENDANT~~ *Dismissed 1/11/08* ?
HOMECOMINGS FINANCIAL NETWORK INC - DEFENDANT ✓ ?
~~SANFORD INSTITUTE OF SAVINGS - DEFENDANT~~ *4/5/07 Andrew Sparks, Esq.* *Dismissed 7/17/07*
900 MAIN STREET
SANFORD ME 04073
PROFILE BANK F S B - DEFENDANT ? ✓
~~SALEM FIVE SAVINGS BANK - DEFENDANT~~ *3/21/07 Michael ___, Esq* *Dismissed 7/17/07* *5/23/07 - Motion to Dismiss filed*
210 ESSEX STREET
SALEM MA 01970
~~KENNEBUNK SAVINGS BANK - DEFENDANT~~ *4/5/07 William Kany, Esq* *Dismissed 7/17/07*
104 MAIN STREET
KENNEBUNK ME 04043
~~FIRST HORIZON HOME LOAN CORP - DEFENDANT~~ *4/5/07 William Kany Esq.* *Dismissed 7/17/07*
1 MERCHANTS PLAZA
BANGOR ME 04401
~~YORK COUNTY FEDERAL CREDIT UNION - DEFENDANT~~ *Wendy Paradis, Esq (Motion to Dismiss) Granted* *Dismissed 4/25/07*
1516 MAIN STREET
SANFORD ME 04073

~~HOME LOAN AND INVESTMENT BANK F S B - DEFENDANT~~ *Dismissed 7/17/07*
ONE HOME LOAN PLAZA
WARWICK RI 02886
~~SIGNATURE CREDIT UNION - DEFENDANT~~ *Dismissed 7/17/07*
2032 LAFAYETTE ROAD
PORTSMOUTH NH 03801 *3/5/07*
~~YORK COUNTY COMMUNITY ACTION CORP - DEFENDANT~~ *4/3/07 Barbara Crider Esq* *Dismissed 7/17/07*
6 SPRUCE STREET
SANFORD ME 04073
Attorney for: YORK COUNTY COMMUNITY ACTION CORP
BARBARA CRIDER  - RETAINED 04/03/2007
~~YORK COUNTY COMMUNITY ACTION CORPORATION~~
6 SPRUCE STREET
P O BOX 72
SANFORD ME 04073

~~UNITED STATES OF AMERICA RURAL HOUSING SERV - DEFENDANT~~ *4/5/07 William J. Kany Esq.* *Dismissed 7/17/07*
PO BOX 66889
ST LOUIS MO 63166
SACO & BIDDEFORD SAVINGS INSTITUTION - DEFENDANT *4/5/07 William B. Kany Esq* *Dismissed 7/17/07*
252 MAIN STREET
BIDDEFORD ME 04007